CASE 74—PETITION ORDINARY—DECEMBER 14.

## Combs, Etc. v. Crawford, Etc.

APPEAL FROM BREATHITT CIRCUIT COURT.

1. SHERIFFS—TIME OF PAYING COUNTY CLAIMS—REPEAL OF STATUTE.—The provision of the General Statutes, chapter 27, article 2, section 7, that a sheriff shall pay a county creditor 90 per cent. of his claim which has been allowed by the county court on the 1st day of October, and the balance on the 1st day of January following, was repealed by the present statute relating to the county levy, the time for collecting it and fixing the time for settlement; the General Assembly intending thereby that it should constitute the whole law on the subject.

2. SAME.—The sheriff can not be sued by a county creditor until

after the time at which the law requires him to make his annual settlement, which is the 1st of January following the March in which the taxes are due and collectible, in the absence of a statute fixing a different time.

J. J. C. BACH FOR APPELLANTS.

1. The provisions of Chap. 27, Art. 2, Sec. 7 of the General Statutes that the sheriff should pay to the claimant 90 per cent. of the claim allowed by the county court on or before the 1st of October of each year, and the residue by the following January, was repealed by the provisions of our present revenue law, providing that the sheriff should not be required to settle until the 1st of the January following. Sections 1885 and 4143 of the Ky. Statutes.

2. When tax levies are made by the County Court to pay claims against a county, the creditors only, and not the county, can maintain an action against the sheriff for his default, and the court properly sustained the demurrer to the answer and amended answer setting up the fact that after the allowance of the claim the fiscal court made an order directing the sheriff to pay the entire county levy of that year over to the treasurer. Hardy, &c. v. Logan County Court, 15 Ky. Law Rep., 405. Wiley v. Sweeney, 2 Duval, 161. Young v. Denham, 4 Met., 239. Mats-n v. McDonald, 14 B. M., 544. Mitchell v. Mattingly, 1 Met., 237. Humphrey v. Hughes, 79 Ky., 487.

3. It was error to render a judgment against the sheriff on his bond by default. An action for a breach of the sheriff's bond is in the nature of damages, and the facts relied on must be established by proof. Todd v. Caines, 18 B. M., 621. Terrill & Co. v. Cecil, 3 Met., 347.

J. B. MARCUM, FOR APPELLEES.

1. A county claim sued on is assignable so as to vest the right of action in the assignee. Carnegie, Phipps & Co. v. Board of Trustees of Beattyville, 13 Ky. Law Rep., 431. 12 Bush, 558.

2. The provisions of sec. 1885 and 4143 of the Ky. Statutes have no reference to the question as to when a county claim shall be paid by the sheriff; they only fix the time when the county levy is due from the tax-payer to the sheriff, and not when a claim is due or payable by the sheriff, and do not operate to repeal the provisions of the General Statutes fixing the time when such claims are due and payable.

3. There was no judgment by default in this case. The defendants

appeared both by demurrer and answer. A default means a failure to appear in court.

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

At its October term, 1894, the fiscal court of Breathitt county allowed W. T. Hogg a claim of $451.81, and ordered it to be paid out of the county levy for that year. The appellant, Combs, was the sheriff of the county, as appears from the allegations of the petition, and collected the county levy for that year, but during the year of 1895 Hogg assigned this claim to Crawford & Co., and the sheriff failing to pay it on demand, this action was brought on his bond.

An answer was filed to which the court sustained a demurrer. Counsel for appellant admits that the court did not err in doing so; hence the necessity is obviated to show that the court properly sustained the demurrer to the answer. It is contended that no cause of action had accrued against the sheriff and his sureties at the time the action was instituted, because under the law the sheriff was not required to pay the money until January 1, 1896. The correctness of this position depends upon the proper construction of the statute which was in force at the time the action was brought.

Under section 7, article 2, chapter 27, General Statutes, a sheriff was required to pay a county creditor, whose claim had been allowed by the county court, 90 per cent. of it on the 1st day of October, and the balance of it on the 1st day of January following. This action was brought upon the idea that this provision of the statute was still in force.

We are of the opinion that it has been repealed and was not in force when the county levy was made. The statutes relating to the county levy, the time for collecting it, and the

time fixed for the settlement of the officer collecting it, show that the General Assembly intended they should constitute the whole law on the subject.

By section 1885, Kentucky Statutes, county taxes are due at the same time the law makes the State's revenue due and collectible.     Under section 4143, Kentucky Statutes, the State tax is due and payable on and after the 1st day of March following the assessment, therefore, the county levy which the sheriff was required to collect, and out of which the claim in suit was to be paid, was due March 1, 1895. We have been unable to find any provision of the statute which in express terms fixes the time at which the sheriff shall pay county claims, but section 1884, Kentucky Statutes, provides that the sheriff shall annually settle his accounts with the fiscal court as such collector of tax, and may be required to settle oftener in the discretion of the court.

It seems to us, therefore, that in the absence of a more specific statute fixing the time that the sheriff can not be sued by a county creditor until after the time which the law requires him to make his annual settlement, which we understand to be the 1st of January following the March in which the taxes are due and collectible.   It will not do to allow every man who has a county claim to institute an action against the sheriff and his sureties at any time such creditor may think proper.   If this can be done then the sheriff can be continually harassed with suits on his official bond by persons who hold claims which he is to pay out of the county levy collected and to be collected.   It may be said that he ought to pay a county claim as soon as he has

[30]

collected enough of the county levy to meet that demand, but it must be borne in mind that there are probably other creditors of the county whose claims occupy the same position of the claim of the creditor who may elect to institute suit. The sheriff might have money enough in his hands to pay one or more county claims, but not enough to pay all.

It is urged that the claim upon which this action is brought is not assignable. The fiscal court made an order directing the sum to be paid out of the county levy of 1894. Under the law it was the duty of the sheriff to pay this claim. The covenants of his bond required the sheriff to collect the county levy and pay the same over to the persons entitled to receive the same.

We are of the opinion that an order of the fiscal court may be assigned the same as a note, bond or bill, and the covenants of the sheriff's bond are such under the law as to entitle the holder of a county claim to maintain an action thereon when the sheriff fails to pay it as the law requires.

The judgment is reversed for proceedings consistent with this opinion.